UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HOP HING PRODUCES INC.,

                Plaintiff,

- against -

X & L SUPERMARKET INC., XI LONG CHEN
and CHUN YU LIU,

                Defendants.
----------------------------------------------------------------X

Case No. 12-cv-**CV12-1401**

**COMPLAINT**

ROSS, J.

GO, M.J.

Plaintiff Hop Hing Produces Inc. ("Plaintiff" or "Hop Hing") as and for its complaint against defendants, X & L Supermarket Inc. ("X & L") Xi Long Chen ("Chen") and Chun Yu Liu ("Liu") (collectively, "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) Plaintiff's claim arose in this District and (b) Defendants' principal place of business is in this District.

### PARTIES

3. Plaintiff Hop Hing Produces Inc. is a New York corporation with its principal place of business in Maspeth, New York, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all times pertinent herein subject to and licensed under the provisions of the PACA as a dealer.

4.    a.    Defendant, X & L, is a New York corporation with its principal place of business in Flushing, New York, and is engaged in the business of buying wholesale quantities of

produce in interstate commerce and was at all times pertinent herein, subject to license under the provisions of the PACA as a dealer.

   b. Upon information and belief, defendant, Chen, is and was an officer of X & L during the period of time in question, and upon information and belief, controlled the operations of X & L, and was in a position of control over the PACA trust assets belonging to Plaintiff.

   c. Upon information and belief, defendant, Liu, is and was an officer of X & L during the period of time in question, and upon information and belief, controlled the operations of X & L, and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

6. Between February 2, 2012 and March 13, 2012, Plaintiff sold and delivered to defendant, X & L, in interstate commerce wholesale quantities of produce.

7. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe Plaintiff the amount of $84,293.50.

8. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $84,293.50 and remains a beneficiary until full payment is made for the produce.

10. Defendants have not disputed the debt in any way and on March 14, 2012, defendants tendered a check to plaintiffs in the amount of $1,405.00 in partial payment for the produce supplied by plaintiff which was returned by the bank due to insufficient funds.

11. Defendants' failure, refusal and inability to pay Plaintiff, in addition to the closing of their principal place of business and passing of bad checks, indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $84,293.50 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay Plaintiff the amount of $84,293.50 owed to Plaintiff for goods received by Defendants from Plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CHEN AND LIU
(Unlawful Dissipation of Trust Assets by Officers)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Upon information and belief, defendants Chen and Liu were officers who operated X & L and who were in a position of control over the PACA trust assets belonging to Plaintiff.

18. Upon information and belief, defendants Chen and Liu failed to direct X & L to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

19. Defendants Chen and Liu's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

20. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorneys' fees incurred to collect any balance due from the Defendants.

23. As a result of Defendants' continued failure to make full payment promptly in the amount of $84,293.50, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

1) An order enforcing payment from the trust by requiring immediate payment by Defendants of the amount of $84,293.50, plus interest and attorneys' fees, to Plaintiff;

2) Judgment against the Defendants, jointly and severally, in the amount of $84,293.50, plus interest and attorneys' fees, under the trust provisions of the PACA; and

3)      Judgment against the Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated: New York, New York
       March 20, 2012

>                     Respectfully submitted,
>                     Law Offices of Bruce Levinson
>                     Attorneys for Plaintiff
>
>                     By: _____
>                     Bruce Levinson
>                     747 Third Avenue, Fourth Floor
>                     New York, New York 10017-2803
>                     (212) 750-9898